Robert L. BERNARD; Diolinda
B. Abilheira, Petitioners–
Appellants

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 12–60932
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 2013.

Robert L. Bernard, Fulshear, TX, pro
se.

Robert Louis Bernard, Esq., for Peti-
tioners–Appellants.

Patricia Mcdonald Bowman, Trial Attor-
ney, Robert R. Di Trolio, John Dicicco,
U.S. Department of Justice, William Jen-
kins, Internal Revenue Service, Washing-
ton, DC, for Respondent–Appellee.

Before HIGGINBOTHAM, DENNIS,
and GRAVES, Circuit Judges.

PER CURIAM: *

In this pro se appeal from the United
States Tax Court, Robert L. Bernard and
his wife Diolinda B. Abilheira challenge
the Tax Court's order finding a deficiency
in their 2007 income tax of $36,950 and an
accuracy-related penalty of $6,640 under
§ 6662(a) of the Internal Revenue Code.

Bernard and Abhileira's appellate sub-
missions fail to properly brief arguments
with relevant case citations or provide a
record from which to review the merit of
his arguments. We have previously held
that "[b]riefs by pro se litigants are afford-
ed liberal construction." *Johnson v. Quar-
terman,* 479 F.3d 358, 359 (5th Cir.2007)
(citing *Haines v. Kerner,* 404 U.S. 519,
520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).
However, we have also held that even pro
se litigants must brief arguments in order
to preserve them on appeal. *Yohey v.
Collins,* 985 F.2d 222, 224–25 (5th Cir.
1993).

The Supreme Court's rationale for al-
lowing liberal construction in *Haines* was
to hold briefs by pro se litigants to "less
stringent standards than formal pleadings
drafted by lawyers." 404 U.S. at 520, 92
S.Ct. 594. This rationale is inapplicable
given that Bernard, who authored the ap-
pellate submissions, is a former Assistant
United States Attorney and has therefore
been trained as a lawyer. Even with the
benefit of liberal construction, Bernard
and Abilheira have failed to brief any ar-
gument challenging the basis of the Tax
Court's order. Accordingly, Bernard and
Abilheira have waived any such challenge
on appeal. *See Yohey,* 985 F.2d at 224–25;
*Brinkmann v. Dallas County Deputy
Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.
1987). Furthermore, Bernard and Abhil-
heira have not provided any grounds on
which we may conclude that the Tax
Court's order was erroneous. Rather,
Bernard and Abilheira's stated arguments,
citing, *inter alia,* the Magna Carta and the
Declaration of Independence, are irrele-
vant to the result that the Tax Court
reached. Consequently, their appeal is

---

DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.